

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-14-00563-CR

Richard H. **VARELA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 354648
Honorable Genie Wright, Judge Presiding

Opinion by:    Karen Angelini, Justice
Dissenting Opinion by:  Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  April 22, 2015

The record in this case reflects that the trial court made no affirmative finding of family violence, and the majority agrees that "no evidence was presented about the relationship between the complainant and Varela, or whether they lived together." *See* TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2006). On appeal I believe Varela has sufficiently raised an argument that the written judgment contains a clerical error by requesting remand for the trial court to "enter a judgment that is congruent with the trial proceedings." *See* TEX. R. APP. P. 38.9 (briefing rules are to be liberally construed). The judgment, in my opinion, clearly reflects the trial court's finding of no family violence within the parenthetical "(No AFFV)" as referenced by the majority in

footnote 4 of its opinion.  Further, the record shows the information charged Varela with assault bodily injury and the jury charge asked the jury to determine whether Varela was guilty of assault bodily injury, *not* "assault bodily injury-married."  In addition, as the majority notes, the trial court "repeatedly reminded the State" that it had presented no evidence of a "family" relationship between the victim and Varela, and stated on the record its intention to "put in parentheses no affirmative finding of family violence."  While I agree with the majority that the trial court did not err by refusing Varela's request for "an affirmative finding of *no* family violence," I believe the trial court effectively made such a finding, which is supported by the record, and it is within our purview to correct what is clearly a clerical error in the August 6, 2014 corrected judgment's statements that Varela was convicted of "assault bodily injury-married."  *See Villarreal v. State*, No. 04-11-00771-CR, 2015 WL 1393422, at *1 n.2 (Tex. App.—San Antonio March 25, 2015, no pet. h.) (mem. op., not designated for publication) (modifying the judgment to correct a clerical error in the statement of the offense of conviction); *Agyin v. State*, Nos. 04-12-00749 through 751-CR, 2013 WL 5864483, at *7 (Tex. App.—San Antonio Oct. 30, 2013, pet. ref'd) (mem. op., not designated for publication) (modifying the judgment to correct a clerical error and state defendant was convicted of first degree, not second degree, felonies).  Therefore, I would modify the judgment to correctly reflect the offense of which Varela was convicted, and would affirm the judgment as modified.  TEX. R. APP. P. 43.2(b).

Rebeca C. Martinez, Justice

DO NOT PUBLISH